2008 MAR 21  PM 2:00

MICHAEL HALL,                      )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )
                                   )    CASE NO. CV406-218
LIBERTY MUTUAL FIRE INSURANCE      )
COMPANY,                           )
                                   )
        Defendant.                 )
                                   )

## O R D E R

Before the Court is Defendant Liberty Mutual Fire Insurance Company's Motion for Summary Judgment. (Doc. 15.) After careful consideration, the Motion is **GRANTED.**

### BACKGROUND[1]

This matter arises from an August 1, 2005 fire at Plaintiff Michael Hall's property in Savannah, Georgia. Plaintiff held an insurance policy ("the Policy") issued by Defendant. In the section entitled "Your Duties After Loss," the Policy provides as follows:

> In case of a loss to covered property, you must see that the following are done . . . (f) As often as we reasonably require: (1) Show the damaged property; (2) Provide us with records and documents we request and permit us to make copies; and (3) Submit to examination under oath while not

---

[1] On a Motion for Summary Judgment, the facts are viewed in the light most favorable to the non-moving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-88, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

in the presence of any other 'insured' and sign
the same.

(Def.'s Ex. B at 1-2.)

According to Plaintiff, on August 16, 2005, William L. Arthur, a special investigator employed by Defendant, interviewed Plaintiff in the McIntosh County Jail, where he was incarcerated at the time. Shortly after the interview, Plaintiff was transferred to a jail in Petersburg, Virginia, where he remained until his release on November 17, 2006. (Pl.'s Ex. A.)

Defendant hired outside counsel, Peter H. Schmidt, to investigate Plaintiff's insurance claim. Mr. Schmidt requested the opportunity to examine the insureds under oath and sought to obtain records regarding the loss. It is undisputed that Mr. Schmidt made these requests by letters to Plaintiff's attorney dated November 8, 2005, January 24, 2006, March 7, 2006, March 30, 2006, April 7, 2006, April 12, 2006, May 8, 2006, June 12, 2006, and June 20, 2006. Mr. Schmidt also requested that Plaintiff complete and submit a Proof of Loss form, in letters dated September 21, 2005, April 7, 2006, April 12, 2006, and May 8, 2006.[2]

---

[2] Plaintiff asserts that the first time Defendant requested the Proof of Loss form was April 12, 2006. However, the record shows that this assertion is incorrect. Defendant sent a letter requesting a completed Proof of Loss form as early as September 21, 2005.

On June 6, 2006, Mr. Schmidt unilaterally scheduled a session for conducting examinations under oath ("EUOs") of those individuals claiming losses and for receiving records from Plaintiff. Plaintiff's attorney agreed to the proposed date, but informed Mr. Schmidt that the 2004 tax returns were lost in the fire and would be unavailable on that date.

On June 15, 2006, Elaine Hall (Plaintiff's wife) and Tracy Dickerson (who had claimed losses) arrived to submit to EUOs. Tiawana Thomas, Cherrell Lawson and Plaintiff Michael Hall were also scheduled but were unable to appear. A disagreement arose between the parties regarding whether the examinations could be recorded and/or used in court. As a consequence of the disagreement, the EUOs did not take place as scheduled. Also on June 15, 2006, Plaintiff did not submit the requested records and did not submit an executed Proof of Loss. Five days later, Mr. Schmidt wrote another letter to Plaintiff's attorney in an attempt to schedule EUOs and obtain records. However, Plaintiff submitted no records prior to the commencement of this lawsuit.

The Policy contains a provision relating to the filing of lawsuits: "Suit Against Us. No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss." (Def.'s Ex. B at 1-2.)

On July 31, 2006, Plaintiff filed suit in the Superior Court of Chatham County for breach of contract. He seeks actual damages and bad faith damages under O.C.G.A. § 33-4-6. The case was removed to this Court on grounds of diversity of citizenship. Defendant has moved for summary judgment.

## ANALYSIS

### I.   Summary Judgment Standard

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (citing Fed. R. Civ. P. 56 advisory committee notes). Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The substantive law governing the action determines whether an element is

essential. DeLong Equip. Co. v. Wash. Mills Abrasive Co., 887
F.2d 1499, 1505 (11th Cir. 1989).

As the Supreme Court explained:

> [A] party seeking summary judgment always bears
> the initial responsibility of informing the
> district court of the basis for its motion, and
> identifying those portions of the pleadings,
> depositions, answers to interrogatories, and
> admissions on file, together with the affidavits,
> if any, which it believes demonstrate the absence
> of a genuine issue of material fact.

Celotex, 477 U.S. at 323. The burden then shifts to the
nonmovant to establish, by going beyond the pleadings, that
there is a genuine issue as to facts material to the
nonmovant's case. Clark v. Coats & Clark, Inc., 929 F.2d 604,
608 (11th Cir. 1991).

The Court must review the evidence and all reasonable
factual inferences arising from it in the light most favorable
to the nonmovant. Matsushita, 475 U.S. at 587-588. However,
the nonmoving party "must do more than simply show that there
is some metaphysical doubt as to the material facts." Id. at
586. A mere "scintilla" of evidence, or simply conclusory
allegations, will not suffice. See, e.g., Tidwell v. Carter
Prods., 135 F.3d 1422, 1425 (11th Cir. 1998). Nevertheless,
where a reasonable fact finder may "draw more than one
inference from the facts, and that inference creates a genuine
issue of material fact, then the Court should refuse to grant

summary judgment." <u>Barfield v. Brierton</u>, 883 F.2d 923, 933-34 (11th Cir. 1989).

## II.  Conditions Precedent to Suit

Defendant argues that submission to an EUO, completion of a Proof of Loss form, and provision of requested records and documents are conditions precedent to Plaintiff's commencement of suit.  Defendant contends that because Plaintiff did not fulfill these conditions, his claim must fail as a matter of law.

Plaintiff responds that he has made good faith efforts to "participate in supplying information" to Defendant and that an issue of fact of his good faith exists "at least to some degree." (Pl.'s Resp. at 6.)

Under Georgia law, "[a]n insurer is entitled to require its insured to abide by the policy terms, and the insured is required to cooperate with the insurer in investigation and resolution of the claim." <u>Farmer v. Allstate Ins. Co.</u>, 396 F. Supp. 2d 1379, 1382 (N.D. Ga. 2005)(quoting <u>Diamonds & Denims, Inc. v. First of Georgia Ins. Co.</u>, 203 Ga. App. 681, 683, 417 S.E.2d 440 (1992)).  A failure to comply with policy provisions which are made conditions precedent to bringing suit is a breach which precludes recovery as a matter of law. See <u>Farmer</u>, 396 F. Supp. 2d at 1382; <u>Bowers v. Safeco Ins. Co.</u>, 187 Ga. App. 229, 230-231, 369 S.E.2d 547, 549 (1988).

In <u>Halcome v. Cincinnati Ins. Co.</u>, 254 Ga. 742, 334 S.E.2d 155 (1995), the Georgia Supreme Court explained that "[i]f the [claimants] failed to provide <u>any</u> material information called for under . . . the policy . . . , they breached the insurance contract." <u>Id.</u> at 744. The court held that failure to provide information related to income constituted a breach of contract. <u>Id.</u> Likewise, in <u>Allstate Insurance Co. v. Hamler</u>, 247 Ga. App. 574, 577 (2001), summary judgment was granted in favor of an insurance carrier where the claimant, who submitted to an EUO, provided only a portion of requested documentation relating to income and debts.

In this case, the Plaintiff has failed to provide Defendant with any records at all – not even a Proof of Loss form.[3] Although Plaintiff claims that the 2004 tax returns were destroyed in the fire, there was nothing to prevent Plaintiff from providing Defendant with the 2005 tax returns – or with any of the other requested records. The Court therefore finds that Plaintiff breached the insurance contract and failed to satisfy the conditions precedent to suit.[4]

---

[3] It is undisputed that Plaintiff did not provide a Proof of Loss form until August 4, 2006, <u>after</u> he had filed suit in this case.

[4] Plaintiff's reliance upon <u>Diamonds & Denims, Inc. v. First of Georgia Ins. Co.</u>, 203 Ga. App. 681, 417 S.E.2d 440 (1992) is misplaced. The Georgia Court of Appeals in that case reversed a trial court's grant of summary judgment to the insurer under the following circumstances: (1) the insureds had promptly

Plaintiff's failure to provide any requested records would constitute grounds for summary judgment even if Plaintiff and the other individuals claiming losses <u>had</u> participated in EUOs. See <u>Hamler</u>, 247 Ga. App. at 577; <u>Halcome</u>, 254 Ga. at 157. Accordingly, Plaintiff's argument that he attempted to comply with the requests for EUOs – and that valid reasons existed for the insureds' failure to complete the scheduled EUOs on June 15, 2006 – does not affect the disposition of this case.

For the reasons explained above, Defendant's Motion for Summary Judgment is **GRANTED** as to Plaintiff's breach of contract claim.

### III. Bad Faith Penalties

Under O.C.G.A. § 33-4-6, if an insurer refuses in bad faith to pay a covered loss within sixty days after the insured makes a demand, the insurer may be held liable to pay the holder of the policy a bad faith penalty and reasonable attorney's fees. However, where an insurance company has any reasonable ground to contest the claim, statutory penalties for bad faith refusal to pay a claim are not authorized. <u>JLM</u>

---

completed and sent a Proof of Loss form; (2) the insureds had promptly submitted to examinations under oath; and (3) the insurer had failed to make detailed or repeated requests for documents. <u>Id.</u> at 682-83. None of these facts are present in this case.

Enters., Inc. v. Houston Gen. Ins. Co., 196 F. Supp. 2d 1299, 1314 (S.D. Ga. 2002). Because Plaintiff breached the insurance contract and was therefore precluded from recovery in this case, Defendant had reasonable grounds to refuse payment of the claim. Accordingly, summary judgment is **GRANTED** on Plaintiff's claim for bad faith penalties and attorney's fees under O.C.G.A. § 33-4-6.

### CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

SO ORDERED this **21st** day of March, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA